## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **JOZEF ROZKUSZKA,** | ) | |
| | ) | Case No. 1:20-cv-06459 |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **SM LAW, P.C.,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### COMPLAINT

Plaintiff, Jozef Rozkuszka ("Plaintiff"), through counsel, for his complaint against defendant, SM Law, P.C. ("SML"), states:

### NATURE OF THE CASE

1.      SML, a debt collector, communicated with Plaintiff in an attempt to collect a debt that was barred by Illinois law. Plaintiff brings this action to seek redress in this Court for defendant's conduct and to recover actual damages, statutory damages, and attorney's fees and costs.

2.      The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

1

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

5.      The FDCPA encourages consumers, through counsel, to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.      Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C.§ 1692 *et seq*.

## JURISDICTION AND VENUE

7.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 as this case is brought pursuant to the FDCPA.

8.      Personal jurisdiction and venue are proper in this district because SML does business in Illinois, is deemed a resident of Illinois and the conduct at issue occurred in this district.

## BACKGROUND FACTS

9.      Plaintiff owned the residential  property located at and commonly known as 651 S. Plum Grove Road, Palatine, IL 60067 (the "Property").

10.      In order to obtain money for personal, family and household purposes, on March 23, 2007, Plaintiff borrowed money and executed a note in the amount of $71,600.00 (the "Note") payable to Taylor, Bean & Whitaker Corp, ("TBW"). To secure payment of that Note, Plaintiff granted a contemporaneous second mortgage lien on the Property (the "Mortgage"). The Note and Mortgage are collectively referred to herein as the "Loan."  A copy of the Loan is attached as

*Exhibit 1*.  A senior mortgage was also recorded contemporaneously to secure a loan also made by TBW.

11.     Plaintiff is a "consumer" as that term is defined by applicable federal and state statutes. He is a natural person from whom SML sought to collect a debt incurred for personal, family, or household purposes.  Here the debt was alleged to have been the Loan.

12.     SML is a law firm organized as a professional corporation with offices at 49 Old Turnpike Rd., Oldwick, NY 08858.

13.     SML publishes a website at http://sm-lawpc.com where it claims to represent insolvent entities in asset liquidation and prosecution of claims nationwide. Many such claims are consumer debts

14.     At all times relevant here, SML acted as the agent and attorney for TBW with respect to the Loan.

15.     SML has sought to collect numerous consumer debts on behalf of TBW.

16.     SML is a "debt collector" as defined by the FDCA, 15 U.S.C. § 1692(a)(6), because it regularly collects debts owed to others. SML is engaged in the business of collecting debts on behalf of others.  Here, SML acted at all relevant times as the debt collector for TBW, attempting to collect the Loan from Plaintiff.

17.     SML regularly uses the mail to collect debts.

## PRIOR FORECLOSURE

18.     On March 27, 2008, the senior lien holder (also TBW) filed a foreclosure lawsuit against Plaintiff in the Circuit Court of Cook County, Illinois, which was assigned case number 2008-CH-11630 ("Foreclosure Case"). Attached *Exhibit 2* is a true and correct copy of the Complaint in the Foreclosure Case. A true and correct copy of  the electronic docket for the Foreclosure Case is attached

hereto as *Exhibit 3*. The Court may take judicial notice of the electronic docket for the Foreclosure Case. *Spiegel v. Kim*, 952 F.3d 844, 847 (7th Cir. 2020).

19.     In the Foreclosure Case, TBW was named as a party defendant because it held a junior interest in the Property by reason of the Loan.

20.     TBW, as a defendant in the Foreclosure Case, was duly served with summons in that case on March 31, 2008. Attached hereto as *Exhibit 4* is a copy of the Affidavit of Special Process Server with respect to TBW as a defendant in the Foreclosure Case.

21.     TBW, as a defendant in the Foreclosure Case, did not appear or participate in the Foreclosure Case, nor did it do anything in the Foreclosure Case to preserve any claim it may have had against the Plaintiff to collect the Loan.

22.     On February 17, 2009, a Consent Judgment for Foreclosure ("Consent Judgment") was entered in the Foreclosure Case.  Attached hereto as *Exhibit 5* is a copy of the Consent Judgment in the Foreclosure Case.

23.     All claims TBW had against the Plaintiff arising from the Loan were extinguished by operation of law and section 15-1509(c) of the Illinois Mortgage Foreclosure Law ("IMFL").

24.     Section 15-1509(c) of the IMFL states as follows:

> (c) Claims Barred. Any vesting of title by a consent foreclosure pursuant to Section 15-1402 [735 ILCS 5/15-1402] or by deed pursuant to subsection (b) of Section 15-1509, unless otherwise specified in the judgment of foreclosure, ***shall be an entire bar of (i) all claims of parties to the foreclosure*** and (ii) all claims of any nonrecord claimant who is given notice of the foreclosure in accordance with paragraph (2) of subsection (c) of Section 15-1502 [735 ILCS 5/15-1502], notwithstanding the provisions of subsection (g) of Section 2-1301 [735 ILCS 5/2-1301] to the contrary.

(Emphasis added) 735 ILCS 5/15-1509(c).

25.     Upon entry of the Consent Judgment, any claim TBW held against Plaintiff pursuant to the Loan was extinguished by operation of Illinois law. *In re Dancel*, No. 18 BK 01399,

2019 Bankr. LEXIS 362 (Bankr. N.D. Ill. Feb. 5, 2019) ("…[T]he plain language of 735 ILCS 5/15-1509(c) indicates that 'all claims' of a party to the foreclosure are extinguished pursuant to a consent judgment unless otherwise noted."); *Taylor v. Bayview Loan Servicing, LLC*, 2019 IL App (1st) 172652; *Deutsche Bank National Trust Co. v. Cortez*, 2020 IL App (1st) 192234-B.

## SML'S ATTEMPT TO COLLECT

26.     On March 16, 2020, SML, acting as the attorney and agent for TBW, sent Plaintiff a letter in connection with the Loan. A true and correct copy of this letter is attached as ***Exhibit 6.***

27.     In its March 16, 2020 letter, SNL attempted to collect the Loan from Plaintiff.

28.     Plaintiff made no payment on the Loan at any time subsequent to March 27, 2008.

## THE STATUTE OF LIMITATIONS

29.     Section 13-206 of the Illinois Code of Civil Procedure states in relevant part:

> "Except as provided in Section 2-725 of the "Uniform Commercial Code" [810 ILCS 5/2-725], actions on bonds, promissory notes, bills of exchange, written leases, written contracts, or other evidence of indebtedness in writing…shall be commenced within 10 years next after the cause of action accrued…An action to enforce a demand promissory note is barred if neither principal nor interest on the demand promissory note has been paid for a continuous period of 10 years and no demand for payment has been made to the maker during that period."

735 ILCS 5/13-206.

30.     Under [735 ILCS 5/13-206], a plaintiff can commence a suit for breach of contract any time within 10 years next after the cause of action accrued. *Luminall Paints, Inc. v. La Salle Nat'l Bank*, 220 Ill. App. 3d 796, 801.

31.     Filing a case to collect a time-barred debt violates the FDCPA. *Manlangit v. FCI Lender Services, Inc*., No.19-cv-03265, WL 5570092 (N.D. Ill. September 16, 2020)("Attempting to collect on a time-barred debt is a violation of §§ 1692e and 1692f of the FDCPA which prohibit

debt collectors from using unfair, "false, deceptive, or misleading representations or means" in collecting a debt. *Phillips v. Asset Acceptance, LLC,* 736 F.3d 1076, 1083 (7th Cir. 2013); *Eul v. Transworld Sys.,* No. 15 C 7755, 2017 WL 1178537, at *8 (N.D. Ill. Mar. 30, 2017) ("In this Circuit, filing a time-barred debt collection lawsuit, in and of itself, violates this prohibition because such a suit falsely implies that the debt collector has legal recourse to collect the debt.").

32.     A cause of action accrues when facts exist that authorize one party to maintain an action against another; thus the moment a creditor may legally demand payment the statute of limitations begins to run, because at that moment a cause of action has actually accrued. *Beynon Bldg. Corp. v. National Guardian Life Ins. Co.* 118 Ill. App. 3d 754, 762, citing to *Mazur v. Stein* (1942), 314 Ill. App. 529, 534. "Even when an obligation is payable by installments and the statute of limitations runs against each installment when due, an action to determine the existence of the right under the contract is distinct as regards the commencement of the period of limitations, and the statute of limitations begins to run when the party first has the power to make the demand." *Id.* citing to *Brehm v. Sargent & Lundy* (1978), 66 Ill. App. 3d 472, 474. Likewise, a plaintiff cannot delay running of the statute of limitations by postponing the time of demand upon the proper party. *Luminall Paints, Inc. v. La Salle Nat'l Bank*, 220 Ill. App. 3d 796, 801-802, citing to *Brehm v. Sargent & Lundy* (1978), 66 Ill. App. 3d 472.

33.     The ten year period following the March 27, 2008 default expired before the Collection Complaint was filed on September 1, 2020.

## DAMAGE TO PLAINTIFF

34.     Upon receiving the March 16, 2020 letter, Plaintiff suffered great emotional distress. He became angry and was constantly frustrated because he believed that the entry of the

Consent Foreclosure in the Foreclosure Case had extinguished the Loan and that over ten years had gone by and that the Loan could no longer be collected.

35.     Plaintiff retained counsel to represent him by responding to the SML's attempt to collect the Loan and to help him seek redress by filing the instant action.

36.     Plaintiff's counsel appeared in the Collection Case and filed a motion to dismiss the case pursuant to 735 ILCS 15-1509(c) and 735 ILCS 5/13-206.

37.     Plaintiff paid counsel a flat fee of $2,500 for filing fees and attorneys' fees and costs to consult with him, to review his records regarding the Loan and to have those attorneys correspond with SML.

38.     Additionally, Plaintiff has incurred filing fees and attorneys' fees and costs to consult with attorneys and to have those attorneys bring the instant action.

39.     The actions of SML have caused Plaintiff to incur actual damages including time off work, travel expenses to and from his attorney's office, filing fees, attorneys' fees to defend the Collection Case, and the preparation and prosecution of this action.

<u>**COUNT ONE**</u>

**[MULTIPLE VIOLATIONS OF THE FDCPA]**

40.     Plaintiff restates and incorporates all of his statements and allegations contained in paragraphs 1 through 39.

41.     15 U.S.C. § 1692e provides in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> > (2) The false representation of–
> >
> > > (A) the character, amount, or legal status of any debt; . . .

7

(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

42.    15 U.S.C. § 1692f provides in relevant part:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .

43.    SML violated § 1692e(2)(A) by falsely stating in the March 16, 2020 letter: "Your promise to pay the Note remains in effect, and was not terminated by the prior foreclosure." This statement falsely represented the character of the Loan as being a debt that could be collected from Plaintiff when in fact any such action was barred by 735 ILCS 15-1509(c) and 735 ILCS 5/13-206.

44.    SML violated § 1692e(2)(A) by falsely stating in the March 16, 2020 letter: "As a result of your failure to pay the Note, your obligation under the Note totals $107,332.77…" This statement falsely represented the character of the Loan as being a debt that could be collected from Plaintiff when in fact any such action was barred by 735 ILCS 15-1509(c) and 735 ILCS 5/13-206.

45.    SML violated § 1692e(5) by stating in the March 16, 2020 letter that: "Legal action against you by local counsel may be authorized…" No legal action can be legally be taken against a borrower on a debt which is barred by 735 ILCS 15-1509(c) and 735 ILCS 5/13-206.

46.    SML violated § 1692e(10) when it dispatched the March 16, 2020 letter to Plaintiff in an attempt to collect a debt which Plaintiff was not legally obligated to pay.

47.    At no time did SML disclose to Plaintiff that the Loan was so old that it could no longer be legally collected because of the expiration of the applicable ten year statute of limitations.

48.     SML violated § 1692f by attempting to collect the Loan by sending the March 16,

2020 letter to Plaintiff, making false representations to Plaintiff, failing to disclose to Plaintiff that

the applicable statute of limitations barred collection of the debt, and threatening legal action. when

collection of the Loan was barred by 735 ILCS 15-1509(c) and 735 ILCS 5/13-206.

49.     Plaintiff did dispute the validity of the debt by letter dated March 24, 2020, a copy

of which is attached as *Exhibit 7*.  Counsel for TBW received this dispute letter as is evidenced by

counsel's letter dated March 25, 2020, a true and correct copy of which is attached as *Exhibit 8.*

50.     SML did not thereafter respond or retract its March 16, 2020 letter, despite being

given an opportunity to do so. Instead, SML referred the case to local Illinois counsel to prosecute

a collection case.

51.     Plaintiff suffered actual damages as set forth *infra*.

**WHEREFORE,** the Plaintiff prays for the entry of judgment in his favor and against SML,

as follows:

A.     For Statutory damages of up to $1,000.00 for each violation of the FDCPA;

B.     For actual damages, all costs and reasonable attorney fees;

C.     For all other relief this Court may deem just and proper.

## COUNT TWO

### [VIOLATION OF THE ILLINOIS CONSUMER
### FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT]

52.     Plaintiff restates and incorporates the allegations set forth above in paragraphs 1

through 51.

53.     The Illinois Consumer Fraud and Deceptive Business Practices Act provides:

Unfair methods of competition and unfair or deceptive acts or
practices, including but not limited to the use or employment of any
deception or fraud, false pretenses, false promise, misrepresentation

> or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression, or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS 505/1 *et seq* ("ICFA").

54.　735 ILCS 15-1509(c) and 735 ILCS 5/13-206 evince the public policy of Illinois that no person should be sued beyond a period of ten years for a written obligation and that no subordinate claim arising in a foreclosure can be maintained upon the entry of judgment.

55.　At all times herein, Plaintiff was a consumer as that term is defined in the ICFA. 815 ILCS 505/1(e).

56.　At all times herein, SML was engaged in trade or commerce as those terms are defined by the ICFA. 815 ILCS 505/1(f).

57.　SML engaged in unfair and deceptive acts in its dealings with Plaintiff.

58.　SML dealt with Plaintiff unfairly attempting to collect the Loan when such an action was barred by Illinois law and it acted deceptively when it made multiple false statements in its communications with Plaintiff and acted in violation of the FDCPA.

59.　SML's conduct also needlessly caused Plaintiff significant, and permanent economic and non-economic harm.

60.　All the needless harms suffered by Plaintiff proximately resulted from SML's unfair and deceptive acts and practices.

61.　Plaintiff seeks such economic and non-economic damages as a jury deems reasonable and may award after hearing the evidence in this case.

62.　Plaintiff also seeks an award of punitive damages commensurate with the consumer

harm inflicted by SML on Plaintiff.

63. Plaintiff also requests the Court award him statutory attorney's fees and the costs of the litigation as well.

**WHEREFORE,** the Plaintiff prays for the entry of judgment in his favor and against SML, as follows:

A.   For actual damages;

B.   For punitive damages;

C.   For all costs and reasonable attorney fees;

C.   For all other relief this Court may deem just and proper.

**JURY DEMAND**

Plaintiff, Jozef Rozkuszka, hereby respectfully demands a trial by jury on all claims.

*Respectfully submitted,*

**JOZEF ROZKUSZKA**

*/s/ Rusty A. Payton*
Rusty A. Payton
PAYTON LEGAL GROUP
20 North Clark Street
Suite 3300
Chicago, Illinois 60602
(773) 682-5210
info@payton.legal

Arthur C. Czaja
LAW OFFICE OF ARTHUR CZAJA
7521 N. Milwaukee Ave.
Niles, Illinois 60714
(847) 647-2106
arthur@czajalawoffices.com

*Counsel for Plaintiff*